**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jimmy Gallishaw, Jr., Appellant.

Appellate Case No. 2010-168509

---

Appeal From Darlington County
Howard P. King, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-532
Submitted September 4, 2012 – Filed September 19, 2012

---

**AFFIRMED**

---

Appellate Defender Tristan M. Shaffer and Deputy Chief Appellate Defender Wanda H. Carter, both of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

---

**PER CURIAM:** Jimmy Gallishaw, Jr. appeals his convictions of three counts of first-degree criminal sexual conduct with a minor under the age of eleven, two counts of lewd act upon a child, and two counts of incest, arguing the trial court erred in qualifying an expert in the field of child abuse assessment because the State failed to offer any evidence concerning the reliability of the field. Because the State presented evidence establishing the expert witness's testimony regarding behavioral characteristics of sexually abused children met the reliability threshold, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("The question of whether to admit or exclude testimony of an expert witness is within the discretion of the trial court."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 382 S.C. 265, 270, 676 S.E.2d 684, 686 (2009) ("All expert testimony must satisfy the Rule 702 criteria, and that includes the trial court's gatekeeping function in ensuring the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration."); *State v. Council*, 335 S.C. 1, 19, 515 S.E.2d 508, 517 (1999) (enumerating several factors the trial court should apply in determining the reliability of scientific evidence, including: "(1) the publications and peer review of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures"); *White*, 382 S.C. at 274, 676 S.E.2d at 688 ("The foundational reliability requirement for expert testimony does not lend itself to a one-size-fits-all approach, for the *Council* factors for scientific evidence serve no useful analytical purpose when evaluating [experience based] expert testimony."); *Weaverling*, 337 S.C. at 474-75, 523 S.E.2d at 794 ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible. Such testimony is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault." (citations omitted)).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.